# Supreme Court of Texas

No. 21-1117

The Duncan House Charitable Corporation,
*Petitioner*,

v.

Harris County Appraisal District,
*Respondent*

On Petition for Review from the
Court of Appeals for the Fourteenth District of Texas

**PER CURIAM**

Duncan House Charitable Corporation applied for a charitable tax exemption for the 2017 tax year covering its fifty percent ownership interest in an historic home in Houston. The appraisal district denied the exemption, the review board denied Duncan House's protest, and Duncan House filed suit for judicial review. Meanwhile, the deadline for Duncan House to apply for an exemption for the 2018 tax year passed. Although Duncan House never applied for the charitable exemption for 2018, it protested the district's 2018 appraisal because the district failed to apply the charitable exemption. After the review board denied that protest, Duncan House amended its trial court petition to

also challenge the denial of the 2018 exemption. The trial court dismissed the 2018 claim for want of jurisdiction because Duncan House never applied for the 2018 exemption.

Duncan House took an interlocutory appeal from that order, and the court of appeals affirmed. ___ S.W.3d ___, 2021 WL 5831399, at *4 (Tex. App.—Houston [14th Dist.] Dec. 9, 2021). It determined that, "under the plain language of the statute, the timely filing of an application for the charitable organization exemption is a statutory prerequisite for a charitable organization to receive the exemption." *Id.* at *3. Thus, "because Duncan House did not comply with a statutory prerequisite of filing an application for the charitable organization exemption for the 2018 tax year, it could not receive the exemption. As a result, neither the Appraisal Review Board nor the trial court had jurisdiction to grant a charitable organization exemption to Duncan House for 2018." *Id.* at *4.

In its petition for review in this Court, Duncan House argues that the trial court erred by dismissing its claim for the 2018 exemption because the Tax Code did not require it to apply for the 2018 exemption and, even if it did, that requirement is not jurisdictional. We need not decide whether the application requirement is jurisdictional because the requirement does not apply at all if it is ultimately determined that Duncan House is entitled to the 2017 exemption.

Generally, a person claiming a property-tax exemption must apply for the exemption, and must do so annually, "each year the person claims entitlement to the exemption." TEX. TAX CODE § 11.43(a), (b). But some exemptions, "once allowed, need not be claimed in subsequent

2

years" and, with limited exceptions, "the exemption applies to the property until it changes ownership or the person's qualification for the exemption changes." *Id.* § 11.43(c). Exemptions allowed for charitable organizations that meet the requirements of Sections 11.18 and 11.184 fall within this exception to the annual-application requirement. *Id.* § 11.43(b), (c). When the exception applies, the chief appraiser may require a subsequent application to confirm the person's continuing qualifications, but only by delivering a written notice that a new application is required, along with an application form. *Id.* § 11.43(c).

The issue of whether Duncan House is entitled to the 2017 exemption remains pending in the trial court. If the courts ultimately conclude that Duncan House did not qualify for the exemption in 2017, Duncan House's failure to timely apply for the 2018 exemption will preclude it from receiving the exemption for 2018. But if the courts ultimately allow the exemption for 2017, Duncan House will then be entitled to the exemption for all "subsequent years"—including 2018—even if not timely "claimed," unless and until the chief appraiser gives written notice requiring a subsequent application. *Id.*

The court of appeals erred by holding that Duncan House's failure to timely apply for the 2018 exemption precludes it from receiving that exemption even if it ultimately qualifies for the 2017 exemption. Thus, without hearing oral argument, TEX. R. CIV. P. 59.1, we reverse the court of appeals' judgment and remand to the trial court for further proceedings consistent with this opinion.

**OPINION DELIVERED:** September 1, 2023

3